**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 07 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JERRY L. HARRIS, | No. 09-35613 |
| Petitioner - Appellant, | D.C. No. 2:05-cv-00885-JLR |
| v. | |
| SCOTT FRAKES, Superintendent, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Argued and Submitted August 4, 2010
Seattle, Washington

Before: NOONAN, THOMPSON and BERZON, Circuit Judges.

Jerry L. Harris appeals from the district court's judgment dismissing his 28

U.S.C. § 2254 petition for writ of habeas corpus. We affirm.

The district court granted a Certificate of Appealability as to the following

issues: "(1) [whether] the portion of the claim relying upon *Ohio v. Roberts*, 448

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

U.S. 56 (1980), is unexhausted, and (2) [whether] *Crawford v. Washington*, 541 U.S. 36 (2004), may not be applied retroactively in this case."

The first issue is uncontested because the government conceded on appeal that Harris's claim was exhausted.

We affirm the district court's decision not to apply *Crawford v. Washington*, 541 U.S. 36 (2004) despite the State's possible waiver of the non-retroactivity bar announced in *Teague v. Lane*, 489 U.S. 288 (1989), and made applicable to *Crawford* by *Whorton v. Bocking*, 549 U.S. 406, 409 (2007). The dispositive Confrontation Clause issue in this case is whether Sawyer's redacted statement, not admitted against Harris, was nonetheless so prejudicial as to Harris as to violate the protective rule announced in *Bruton v. United States*, 391 U.S. 123 (1968), and refined in *Richardson v. Marsh*, 481 U.S. 200 (1987) and *Gray v. Maryland*, 523 U.S. 185 (1998). As to this issue, both *Crawford* and *Roberts* are inapposite because those cases addressed admission of a declarant's statements as substantive evidence against a defendant. Retroactive application of *Crawford*, therefore, would not affect the disposition of this case. Accordingly, we hold that there was no *Roberts* or *Crawford* error, without deciding whether we would apply *Crawford* retroactively given the procedural background of this case were it otherwise applicable.

We construe Harris's argument in his brief that there was *Bruton* error in this case as a motion to expand the certificate of appealability.  *See* 9th Cir. R. 22-1(e).  So construing the briefs, we grant the certificate, as Harris has made a "substantial showing of the denial of a constitutional right" as that term has been interpreted.[1]  28 U.S.C. § 2253(c)(2); *see Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("A petitioner must show that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." (internal quotations omitted)).

We cannot conclude, however, that the state court's decision as to the *Bruton* argument was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court."  28 U.S.C. § 2254(d)(1).  The form of redaction used at trial in this case falls squarely between that approved in *Richardson* and that disapproved in *Gray*.  There is therefore no "clearly established Federal law, as determined by the Supreme Court" to apply.  *See Lockyer v. Andrade*, 538 U.S. 63, 74–75 (2003).

---

[1] Ordinarily, we afford an opportunity to respond when expanding a certificate of appealability.  *See* 9th Cir. R. 22-1(f).  No response is necessary in this case , however, as the State thoroughly addressed the *Bruton* issue in its brief.

We decline to expand the certificate of appealability as to the other uncertified issues Harris raises in his brief.  *See* 9th Cir. R. 22-1(e).  The arguments on those issues do not meet the standard for granting a certificate of appealability.

**AFFIRMED**.